UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GEORGE KERSEY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 24-11577-MJJ |
| DEAL MAYOR, | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER**

February 19, 2025

JOUN, D.J.

Plaintiff George Kersey, ("Mr. Kersey" or "Plaintiff") who is proceeding *pro se*, has filed a Complaint against Deal Mayor, a coupon service company. [Doc. No. 1].

Even though Kersey did not pay the filing fee nor seek leave to proceed *in forma pauperis*, the Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case."). Furthermore, federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Those powers include the power to dismiss frivolous or malicious actions, regardless of the status of the filing fee. *See Mallard v. United*

*States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985).

Because Kersey is proceeding *pro se*, the Court will liberally construe his Complaint. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). Upon screening, Kersey's allegations fail to establish this Court's subject matter jurisdiction. There is no federal question plausibly pleaded on the face of the Complaint under 28 U.S.C. § 1331, and the Complaint fails to satisfy the amount in controversy requirement to establish federal diversity jurisdiction under 28 U.S.C. § 1332.

The claims in the instant action are identical to the claims asserted in two other actions that Kersey filed against this defendant. *See Kersey v. Deal Mayor*, C.A. No. 24-10211-IT (dismissed Apr. 17, 2024); *Kersey v. Deal Mayor*, C.A No. 24-11076-NMG (dismissed Aug. 20, 2024). The Court's records indicate that Mr. Kersey is a disbarred attorney who has brought many actions against other parties and was previously sanctioned and enjoined by this Court from bringing actions against certain parties unrelated to this action. *See e.g.* Order of Enjoinment, *Kersey v. Becton Dickinson and Co.*, No. 16-cv-10495-LTS (D. Mass. Jan. 9, 2018), ECF No. 52.

Even with the more liberal construction accorded a *pro se* litigant's pleading, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004), the Complaint fails to provide a basis for this Court's jurisdiction and fails to state any factual matter that, if accepted as true, would allow Kersey to prevail on any identifiable cause of action. The Complaint suffers from the same pleading deficiencies as the pleadings filed in the other two actions that he filed against Deal Mayor.

In accordance with the foregoing, this action is hereby <u>DISMISSED</u> pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.  In addition, Kersey is <u>WARNED</u> that if he brings another claim against Deal Mayor without properly establishing jurisdiction, he may be sanctioned, including but not limited to monetary sanctions and enjoinment from filing actions in this district without leave of court.  The Clerk is directed to enter a separate Order of Dismissal.

**SO ORDERED.**

      /s/ Myong J. Joun
United States District Judge